1  JOSEF D. COOPER (53015)
   TRACY R. KIRKHAM (69912)
2  COOPER & KIRKHAM, P.C.
   357 Tehama Street, Second Floor
3  San Francisco, CA  94103
   Telephone:  (415) 788-3030
4  Facsimile:   (415) 882-7040
   E-mail:  jdc@coopkirk.com
5  Co-Lead Counsel for Indirect-Purchaser Plaintiffs

6  KAMALA D. HARRIS
   Attorney General of the State of California
7  KATHLEEN FOOTE (65819)
   Senior Assistant Attorney General
8  EMILIO E. VARANINI (163952)
   455 Golden Gate Avenue, Ste. 11000
9  San Francisco, CA 94102
   Telephone:  (415) 703-5908
10 Facsimile:   (415) 703-5480
   E-mail:  Emilio.Varanini@doj.ca.gov
11 Attorneys for the State of California On Behalf of All Attorneys General

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Case No. M-02-1486-PJH<br>MDL No. 1486 |
| This Document Relates to:<br>ALL INDIRECT PURCHASER ACTIONS<br>and<br>*State of California et al. v. Infineon Technologies AG, et al.*<br>*State of New York v. Micron Technology Inc., et al.*<br>*State of California et al. v. Samsung Electronics Co., Ltd., et al.*<br>*State of California et al. v. Winbond Electronics Co.*<br>*Petro Computer Systems, Inc. v. Hitachi, Ltd.*<br>*Petro Computer Systems, Inc. v. Mitsubishi Electric Corporation, et. al.* | [~~PROPOSED~~] ORDER GRANTING AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND INCENTIVE AWARDS TO PLAINTIFFS; FINALLY ADOPTING SPECIAL MASTER'S REPORT AND RECOMMENDATIONS, PART III; FINAL JUDGMENT<br><br>Case No. C 06-4333 PJH<br>Case No. C 06-6436 PJH<br>Case No. C 07-1347 PJH<br>Case No. C 07-2589 PJH<br>Case No. C 12-5213 PJH<br>Case No. C 12-5214 PJH |

| | |
|---|---|
| *Petro Computer Systems, Inc. v. Toshiba Corporation, et. al.* ) ) ) | Case No. C 12-5215 PJH |
| *State of California et al., v. Toshiba Corporation et al.,* ) ) ) | Case No. C 12-5230 PJH |
| | Case No. C 12-5229 PJH |
| *State of California et al., v. Mitsubishi Electric Corporation, et. al.* ) ) ) | Case No. C 12-5231 PJH |
| *State of California et al., v. Hitachi, Ltd.* ) ) | |

The Indirect Purchaser Plaintiffs' counsel and the Attorneys General (collectively, "Counsel") have moved the Court to:

(1) Award them an aggregate fee of $77,680,000.00, which is 25% of the total of the Settling Defendants' settlement payments (the "Settlement Fund") of $310,720,000.00, reimburse the Indirect Purchaser Plaintiffs' counsel litigation costs and expenses in the amount of $6,338,232.00, reimburse the Attorneys General litigation costs and expenses in the amount of $5,483,468.63, as identified in the "Indirect Purchaser Plaintiffs' And Attorneys Generals' Joint Application For Attorneys' Fees; Indirect Purchaser Plaintiffs' Application for Costs and Incentive Awards; And Attorneys Generals' Application for Costs," filed February 28, 2014 (Dkt. No. 2181) ("Joint Application").  (The supporting documentation for the Joint Application is Docket Nos. 2182 – 2185-9.)

(2) Award each of the named plaintiffs who served as class representatives in the lead private action, *Petro Computer Systems v. Micron Technology, Inc.,* C-05-02472-PJH, a payment, usually called an "incentive award," of $5,000.00, and award each of the plaintiffs in the other settled actions an incentive award of $500.00.

(3) Adopt, pursuant to Rule 53(f), Federal Rules of Civil Procedure, as a final matter, the findings of fact, conclusions of law and recommendations contained in the Special Master's Report, Part III: Attorneys' Fees, Expenses and Incentive Awards, filed November 5, 2013 (Dkt. No. 2155) ("Report, Part III").

A hearing was held on June 25, 2014, and this matter came on before the Court to determine, *inter alia*, whether to award Counsel the requested aggregate fee, cost reimbursements and the plaintiffs' incentive awards, and whether to adopt as a final matter the findings, conclusions and recommendations in the Report, Part III.  Four objections were filed to the request for an award of attorneys' fees.  The substance of these objections fall broadly into the following categories: (1) that this is a "mega-fund" case where, as a matter of law, the fee award should be less than the Ninth Circuit benchmark fee of 25%;  (2) the requested fee would be a "windfall" for the private counsel

1

in this case because a majority of the work was done by the Attorneys General;  (3) the Court must, as a matter of law, review counsel's individual contemporaneously maintained time records before awarding a fee; and (4) any money that may be distributed *cy pres* must be removed from the computation of the "common fund."  No objections were filed to the requests for cost reimbursement or to the request for incentive awards to Plaintiffs.   No objectors appeared at the fairness hearing.

The Court having carefully reviewed and considered Plaintiffs' motion for attorneys' fees, expenses and incentive awards (Dkt. No. 2186), the Joint Application, the Report Part III, Plaintiffs' motion for final adoption of the Report, Part III (Dkt. No. 2187), the objections raised to the requested attorneys' fee award (Dkt. Nos. 2199, 2200, 2201, 2204, 2226 and 2228), and the Plaintiffs' responses to these objections (Dkt. No. 2221), the arguments of counsel and the records on file in this action, and having fully addressed these objections and other issues at the hearing, the Court has rejected these objections and determined that: (1) Plaintiffs' motion for an award of attorneys' fees, expenses and incentive awards is GRANTED with the modification noted below; and (2) Plaintiffs' motion for final adoption of the findings of fact, conclusions of law and recommendations set out in the Report, Part III, is GRANTED with the modification noted below. Accordingly, good cause appearing therefor, it is:

ORDERED, ADJUDGED AND DECREED that:

1.     The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation, and over the parties to the Settlement Agreements, including all members of the Indirect Purchaser Settlement Class, the Government Purchaser Settlement Classes, the Plaintiffs and the Settling Defendants, and any person or entity claiming by, for, or through the Settling Parties with regard to the Released Claims, as defined in the Settlement Agreements.

2.     Four (4) objections to the Joint Application were filed on behalf of a total of nine (9) members of the Indirect Purchaser Settlement Class.  The Court has carefully reviewed and

considered the objections to the requested attorneys' fee award, and hereby OVERRULES each of the objections as being without merit for the reasons stated in the "Indirect Purchaser Plaintiffs' and Attorneys General's Joint Reply Memorandum In Support of (1) Joint Application for Attorneys' Fees, Separate Requests for Expense Reimbursements and Incentive Awards and (2) Motion for Final Adoption of Special Master's Report, Part III: Attorneys' Fees, Expenses and Incentive Awards; Responses to Objections to Joint Fee Application," filed June 10, 2014 (Dkt. No. 2221) and for the reasons stated at the June 25, 2014 hearing.

3. The Court has reviewed the computation of the common fund made by Counsel and the Special Master and finds it reasonable. The Court has reviewed the summary of attorney and paralegal hours spent in the prosecution of these cases, and performed the lodestar cross-check required for a percentage of the fund fee award. The Court hereby ADOPTS as a final matter the findings of fact, conclusions of law and recommendations contained in the Special Master's Report, Part III, with the following modification. Counsel's Joint Application requested that the Court approve cost items totaling $653,002.00, which are fees for the services of Berman DeValerio, a law firm appointed by the Special Master to advocate for the interests of resellers in the Indirect Purchaser Settlement Class during the negotiation of the plan of distribution, and Susman Godfrey, a law firm representing a specialty DRAM reseller that was invited by the Special Master to participate in those negotiations. The Special Master's Report, Part III, recommends that these fees be treated as recoverable cost items. However, the Court finds that it is more appropriate to include these fees within the fee award to counsel.

4. The Court hereby awards Counsel attorneys' fees in the amount of $78,333,002.00 (approximately 25.2% of the Settlement Fund) together with interest earned on this amount at the same rate as that earned on the Settlement Fund until disbursed to Counsel.

5. The Court hereby awards Indirect Purchaser Plaintiffs' Counsel their litigation costs and expenses in the amount of $5,685,230.00.

6. The Court hereby awards the Attorneys General their litigation costs and expenses in the amount of $5,483,468.63.

7. The Court hereby awards each of the named plaintiffs in the *Petro* action an incentive award in the amount of $5,000.00.

8. The Court hereby awards each of the named plaintiffs in the other settled actions an incentive award in the amount of $500.00.

9. The Escrow Agent shall pay the attorneys' fees, litigation costs and expenses and incentive awards, together with interest as provided above, from the Settlement Fund.

10. The fees awarded shall be divided between Indirect Purchaser Plaintiffs' Counsel and the Attorneys General pursuant to the agreement negotiated during the proceedings before the Special Master.

11. The fees and litigation costs and expenses awarded to Indirect Purchaser Plaintiffs' Counsel shall be allocated among such plaintiffs' counsel by Indirect Purchaser Plaintiffs' Co-Lead Counsel in a manner which, in Co-Lead Counsel's good-faith judgment, reflects each such plaintiffs' counsel's contribution to the institution, prosecution and resolution of the litigation.

12. The fees and litigation costs and expenses awarded to the Attorneys General shall be allocated among the Attorneys General by their Executive Committee, including the Attorney General for the State of New York as well as Co-Lead Counsel and Liaison Counsel for the *Infineon* matter, in a manner which, in the good-faith judgment of the Executive Committee, including the Attorney General for the State of New York as well as the Co-Lead Counsel and Liaison Counsel for the *Infineon* matter, reflects each such Attorney General's contribution to the institution, prosecution and resolution of the litigation.

13. Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over: (a) disposition of the Settlement Funds as

defined in each Settlement Agreement and distribution to class members, and potentially to *cy pres* recipients, pursuant to further orders of this Court; and (b) hearing and ruling on any matters relating to the plan of distribution of settlement proceeds and any matters regarding claims made by members of the Settlement Classes to share in the settlement proceeds.

14. The Court finds, pursuant to Rules 54(a) and (b), Federal Rules of Civil Procedure, that this Final Judgment as to the award of attorneys' fees, reimbursement of litigation costs and expenses and incentive awards should be entered as a Final Judgment, and further finds that there is no just reason for delay in the entry of this Final Judgment.

Dated: June 27, 2014

_____
PHYLLIS J. HAMILTON
Judge of the United States District Court

IT IS SO ORDERED
Judge Phyllis J. Hamilton