JOSEF D. COOPER (53015)
TRACY R. KIRKHAM (69912)
JOHN D. BOGDANOV (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
E-mail: jdc@coopkirk.com
Co-Lead Counsel for Indirect-Purchaser Plaintiffs

KAMALA D. HARRIS
Attorney General of the State of California
KATHLEEN FOOTE (65819)
Senior Assistant Attorney General
EMILIO E. VARANINI (163952)
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA 94102
Telephone: (415) 703-5908
Facsimile: (415) 703-5480
E-mail: Emilio.Varanini@doj.ca.gov
Attorneys for the State of California On Behalf of All Attorneys General

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Case No. M-02-1486-PJH<br>MDL No. 1486 |
| This Document Relates to:<br>ALL INDIRECT PURCHASER ACTIONS<br>and | **~~[REVISED PROPOSED]~~ ORDER GRANTING MOTION TO DISTRIBUTE SETTLEMENT FUNDS** |
| *State of California et al. v. Infineon Technologies AG, et al.* | Case No. C 06-4333 PJH<br>Case No. C 06-6436 PJH |
| *State of New York v. Micron Technology Inc., et al.* | Case No. C 07-1347 PJH<br>Case No. C 07-2589 PJH |
| *State of California et al. v. Samsung Electronics Co., Ltd., et al.* | Case No. C 12-5213 PJH<br>Case No. C 12-5214 PJH |
| *State of California et al. v. Winbond Electronics Co.* | Case No. C 12-5215 PJH |
| *Petro Computer Systems, Inc. v. Hitachi, Ltd.* | Case No. C 12-5230 PJH<br>Case No. C 12-5229 PJH |
| *Petro Computer Systems, Inc. v. Mitsubishi Electric Corporation, et. al.* | Case No. C 12-5231 PJH |
| *Petro Computer Systems, Inc. v. Toshiba* | |

| | | |
|---|---|---|
| *Corporation, et. al.*<br>*State of California et al., v. Toshiba Corporation et al.,*<br>*State of California et al., v. Mitsubishi Electric Corporation, et. al.*<br>*State of California et al., v. Hitachi, Ltd.* | ) | The Honorable Phyllis J. Hamilton |

This matter came before the Court on the Joint Motion (the "Motion") by the Indirect-Purchaser Plaintiffs and the Attorneys General (collectively, "Settling Plaintiffs") for an order authorizing distributions of the settlement funds to members of the various settlement classes in accordance with the Court's previous Orders and certain proposed protocols. The Court, having reviewed the papers filed and arguments made in connection with the Motion, and good cause appearing, hereby GRANTS the Motion as follows:

**Appointment of Rust Consulting, Inc. as Fund Administrator**

1. Rust Consulting, Inc. ("Rust") is hereby appointed the Fund Administrator of all settlement monies in the Qualified Settlement Funds ("QSFs"), pursuant to 26 U.S.C § 468B(g) and the related United States Treasury Regulations. Rust shall perform all duties of a Fund Administrator specified therein, including determining and satisfying the tax obligations of the QSFs, filing income tax return(s), paying income tax and information return reporting.

2. The current Fund Administrator and Escrow Agent, Union Bank, N.A. ("Union Bank"), is ORDERED to transfer as soon as practicable all funds in the Escrow Accounts[1] to

[1] The Escrow Accounts include: (a) Samsung Indirect Purchaser Settlement Fund Escrow Account, Union Bank account number 6711807300; (b) Samsung Indirect Purchaser Plaintiffs' Fees Escrow Account, Union Bank account number 6711807302; (c) Samsung Government Purchaser Settlement Fund Escrow Account, Union Bank account number 6711807301; (d) Samsung States' (AG's) Fees Escrow Account, Union Bank

accounts established for the QSFs at the Huntington Bank and administered by Rust. Rust shall establish separate accounts at Huntington Bank, as necessary, and hold the QSF(s) until disbursement as follows:

a. funds designated in the accounting approved below for payment to Government Purchaser Plaintiffs and members of the Government Purchaser Settlement Classes, including the Attorneys Generals' attorneys fees and expenses shall be transferred into one or more "Government Plaintiff Account(s);"

b. funds designated in the accounting approved below for payment to the private Indirect Purchaser Settlement Class Members, including attorneys' fees and expenses and incentive awards, shall be transferred into one or more Private Plaintiff Account(s); and

c. the amount of $1,250,000 designated for the payment of unreimbursed expenses and future settlement administration expenses shall be transferred into a Reserve Account.

3. Union Bank shall promptly deliver to Rust all of the income tax returns for the QSF(s) and proof of tax payments for the QSF(s). Union Bank shall cooperate with Rust, Co-Lead Counsel, and the Attorneys General in effecting the transition of its responsibilities to Rust.

4. Rust shall disburse, withdraw and transfer funds from a Government Plaintiff Account only upon written authorization from Emilio Varanini and Lizabeth Brady.

---

account number 6711807303; (e) Winbond Settlement Fund Escrow Account, Union Bank account number 6711815800; (f) Micron Settlement Fund Escrow Account, Union Bank account number 6711916501; (g) Hynix Settlement Fund Escrow Account, Union Bank account number 6711916502; (h) Infineon Settlement Fund Escrow Account, Union Bank account number 6711916503; (i) Elpida Settlement Fund Escrow Account, Union Bank account number 6711916504; (j) NEC Settlement Fund Escrow Account, Union Bank account number 6711916505; (k) Mosel Settlement Fund Escrow Account, Union Bank account number 6711916506; (l) Nanya Settlement Fund Escrow Account, Union Bank account number 6711929400; (m) Hitachi Settlement Fund Escrow Account, Union Bank account number 6711980900; (n) Mitsubishi Settlement Fund Escrow Account, Union Bank account number 6711980800; and (o) Toshiba Settlement Fund Escrow Account, Union Bank account number 6711995800.

5. Rust shall disburse, withdraw or transfer funds from a Private Plaintiff Account only upon written authorization from Co-Lead Counsel: Josef D. Cooper, Timothy D. Battin, Daniel J. Mogin, and Daniel E. Gustafson.

6. Rust shall disburse, withdraw or transfer funds from the Reserve Account only upon written authorization from Co-Lead Counsel.

**Approval of Accounting of Settlement Funds**

7. Attached as Exhibits to the "Declaration of Josef D. Cooper in Support of Motion to Distribute Settlement Funds," filed May 4. 2016, (Dkt. 2273-1) is an accounting of the sources and uses of the monies in the QSFs, as well as a computation of the divisions, disbursements and distributions to be made from the QSFs in accordance with the prior Orders and Judgments of this Court. No objections to the accounting having been received and the Court having reviewed said accounting, the accounting set forth in the exhibits to the Cooper Declaration is hereby approved, and Rust is authorized to divide, disburse and distribute the monies in the QSFs pursuant thereto.

**Payment of Claims Administration Expenses**

8. The Court finds that Rust has reasonably incurred $1,7878,071 in claims administration expenses, and the Court hereby authorizes the payment of this amount pursuant to the allocation among the defendants employed in the Court's previous Order authorizing the payment to Kinsella Media for notice expenses. Samsung's portion of the payment may be paid directly to Rust, at the discretion of Co-Lead Counsel and in the interests of not delaying the transfer of the QSFs from Union Bank to Huntington Bank.

9. The Court finds that the $174,301.29 in expenses set out in the Declaration of Terry Gross, filed May 4, 2016 (Dkt. No. 2273-4) were reasonably incurred and authorizes the payment of those amounts from the Reserve Account.

**Payments to Indirect Purchaser Settlement Class Members**

10. The Court finds after a review of the facts set forth in the Declarations of Amy L. Lake and Juan F. Riveros, filed May 4, 2016 (Dkts. Nos. 2273-2 and 2273-3), that Rust, Co-Lead Counsel and the Attorneys General have complied with the Plan of Distribution for the Indirect Purchaser Settlement Class and the claims processing protocols set forth in the Special Master's Report and Recommendations, Part II (Dkt. No. 2147) and adopted by the Court's June 27, 2014 Order (Dkt. No. 2235).

11. The Court hereby approves for payment all claims received from members of the Indirect Purchaser Settlement Class that were filed on or before July 1, 2015, and which are identified as Eligible Claims in the Lake Declaration (the "Approved Indirect Purchaser Class Claims"). The Court approves the adjustment made to reduce the Computer Equivalent Units in any Approved Indirect Purchaser Class Claim to the Small Claims threshold, where such reduction results in the claimant receiving a larger settlement payment than would have been computed without the reduction.

12. The Court hereby directs Rust to process all claims received after July 1, 2015 and before the date of this Order, and approves for payment all Eligible Claims, as determined by Rust in accordance with the claims processing and auditing procedures described in the Lake Declaration, as follows:

a. Any claim, or adjusted claim, at or below the Computer Equivalent Units for a Small Claim, shall be paid *pro rata* with funds from any uncashed checks issued to Small Claimants remaining at the conclusion of the distribution authorized in Paragraph 11, above. Depending upon the funds available, these late-filed claims may be paid up to the full *pro rata* value that the claim would have had as a timely-filed claim under the protocols approved by this Court; and

b. All other claims shall be paid from uncashed checks issued to claimants other than Small Claimants remaining at the conclusion of the distribution authorized in Paragraph 11, above. If there are sufficient funds from uncashed checks, these claims may be paid up to the full *pro rata* value that the claim would have had as a timely-filed claim under the protocols approved by this Court. If, however, there are insufficient funds from uncashed checks to pay each such claim at least 50% of its full *pro rata* value as a timely claim, then a contribution shall be made from future settlement funds received from defendant Mosel up to a maximum *pro rata* payment amount equal to 50% of the claim's full value.

No claims received after May 18, 2016, shall be processed by Rust, and any such claims that may be received are hereby disallowed.

13. The Court finds that neither of the *cy pres* contingencies in the Plan of Distribution were triggered by the claims experience.

14. The Court finds that after deduction of Court-awarded and approved attorneys' fees, incentive awards and expenses, and the establishment of the Reserve Account, the funds available for distribution to the Indirect Purchaser Settlement Class as of April 30, 2016 was $191,195,595. Rust shall pay this amount plus interest earned, if any, *pro rata* to all Approved Indirect Purchaser Class Claims in the manner designated by the Plan of Distribution and this Order as soon as practicable.

15. Checks issued to class claimants by Rust shall bear the notation "Non-Negotiable After 90-Days." Rust shall void all uncashed checks following the expiration of the 90-day void date. Rust may re-issue checks as necessary.

16. Thereafter, Co-Lead Counsel and the Attorneys General shall advise the Court that the distribution to claimants had occurred within fifteen (15) days of the mailing of checks, and

shall provide the Court with an accounting of the status of the distribution within thirty (30) days of the void date on the distribution checks.

**Payment to the Government Purchaser Settlement Classes**

17. Rust shall cooperate with the Attorneys General to distribute the funds remaining in the Government Plaintiff Account(s) after disbursement of attorneys' fees and expenses as soon as practicable and in accordance with the Plan of Distribution for the Government Purchaser Settlement Classes approved in the Court's June 27, 2014 Order (Dkt. No. 2235).

**IT IS SO ORDERED.**

Dated: May 19, 2016




Hon. Phyllis J. Hamilton
United States District Judge